Dear Mr. Hassler:
This opinion is in response to your question asking whether the Collector of Platte County, a second class county, should collect a one percent commission on utility and aircraft taxes to be turned into the county general revenue fund.
Your question arises because of the holdings of the Missouri Supreme Court in Felker v. Carpenter, 340 S.W.2d 696 (Mo. 1960), andAmerican Airlines, Inc. v. City of St. Louis, 368 S.W.2d 161 (Mo. 1963).
Section 151.280, RSMo, with respect to railroad taxes provides:
 The county collector shall be allowed for collecting the railroad taxes, payable out of the same, one percent on all sums paid without seizure of personal property; and on all collections made by seizure of personal property, he shall be allowed five percent on the amount, which shall be taxed or charged as costs and paid by the railroad company; and on all collections made by suit against such company or companies two percent on the amount, to be paid as costs by the defendant; provided, that in all counties of class one and the city of St. Louis the collector shall pay such fees into the county or city treasury as provided by law.
Section 153.030, RSMo, with respect to bridge and utility companies provides, in pertinent part:
 2. And taxes levied thereon shall be levied and collected in the manner as is now or may hereafter be provided by law for the taxation of railroad property in this state, . . .
Section 155.060, RSMo, with respect to aircraft taxes provides, in pertinent part:
 Taxes levied on all aircraft under this chapter shall be levied and collected in the manner provided for the taxation of railroad property, . . .
 Felker v. Carpenter, id., in our view concerned only whether the collector of revenue was entitled to retain one percent of utility taxes collected by him in addition to the maximum amount of compensation payable to him under Section 52.270, RSMo. The court concluded that Section 153.030 with respect to utility taxes referred only to the method provided in Section 151.280 for the levy and collection of railroad taxes and did not deal or purport to deal with the subject of compensation to the collector for collecting those taxes.American Airlines, Inc. v. City of St. Louis, id., followed the holding of Felker v. Carpenter with respect to the provisions of Section 155.060, respecting airline taxes and concluded that Section155.060 does not inferentially make provision for or direct the collection of such a collector's fee. Neither case considered the applicability of the present provisions of Section 52.260, RSMo, which provides that the collector shall retain a certain commission for collecting certain taxes, including "all other local taxes". However, in our Opinion No. 14, dated January 14, 1954, to Campbell, copy enclosed, Attorney General John M. Dalton, who was also counsel in the case of Felker v. Carpenter, concluded that the collector should include utility taxes in the calculation of the collector's commissions under Section 52.260. Accordingly, we conclude that the collection of utility taxes and aircraft taxes comes within the provisions of Section 52.260.
Under Section 50.350, RSMo, such fees when collected by the collector, who is a salaried officer in a second class county, are payable to the county treasury. See Opinion No. 72, dated April 11, 1956, to Pratt, copy enclosed.
CONCLUSION
It is the opinion of this office that utility and aircraft taxes are local taxes within the provisions of Section 52.260, RSMo, and are subject to the collection fee provided for therein. Such fees, when collected by a second class county collector who is paid a salary, must be paid to the county treasury pursuant to Section50.350, RSMo.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures: Opinion No. 14 (1-14-54) Opinion No. 72 (4-11-56)